VIRGINIA:

IN THE CIRCUIT COURT FOR THE CITY OF ROANOKE

| | |
|---|---|
| ANGELA PATTERSON, | ) |
|     Plaintiff, | ) ) ) ) |
| v. | ) Case No.: CL19-755 |
| SAM'S EAST, INC. d/b/a Sam's Club, SAM'S REAL ESTATE BUSINESS TRUST, WALMART INC. d/b/a Sam's Club, WAL-MART STORES EAST, LP, WAL-MART STORES EAST, INC., WAL-MART ASSOCIATES, INC., JOHN DOE, and JANE DOE, | ) ) ) ) ) ) ) ) ) ) |
|     Defendants. | ) |

## ANSWER

COME NOW the defendants, Sam's East, Inc. d/b/a Sam's Club, Sam's Real Estate Business Trust, Walmart Inc. d/b/a Sam's Club, Wal-Mart Stores East, LP, Wal-Mart Stores East, Inc., and Wal-Mart Associates, Inc. (collectively referred to herein as "Defendants" or "the defendants"), by counsel, and file this Answer to the allegations contained in the plaintiff's Complaint and, in support thereof, state as follows:

1. Defendants admit the allegations stated in paragraph 1 of the plaintiff's Complaint.

2. With regard to paragraph 2, Defendants admit that Sam's Real Estate Business Trust owns the real property and improvements associated with the Sam's Club retail store.

3. Defendants deny the allegations stated in paragraph 3.

4. Defendants deny the allegations stated in paragraph 4.

5. Defendants deny the allegations stated in paragraph 5.

6. Defendants deny the allegations stated in paragraph 6.

7. Paragraph 7 is a conclusory legal statement that need not be admitted or denied. To the extent that paragraph 7 states any factual allegations, all such allegations are denied.

8. Paragraph 8 is a conclusory legal statement that need not be admitted or denied. To the extent that paragraph 8 states any factual allegations, all such allegations are denied.

9. As John Doe and Jane Doe are fictitious names/persons, Defendants are currently without sufficient information to admit or deny the allegations stated in paragraph 9 and, therefore, deny the same.

10. Paragraph 10 makes references to unknown employees and/or agents and fictitious names/persons. As such, Defendants are currently without sufficient information to admit or deny the allegations stated in paragraph 10 and, therefore, deny the same. Additionally, paragraph 10 states legal conclusions that need not be admitted or denied. To the extent that paragraph 10 states any factual allegations, all such allegations are denied.

11. With regard to paragraph 11, Defendants admit that the plaintiff was on or near the premises of the Sam's Club retail store located in Roanoke, Virginia, on or about the date at issue.

12. With regard to paragraph 12, Defendants admit that the plaintiff was on or near the premises of the Sam's Club retail store located in Roanoke, Virginia, on or about the date at issue. It is further admitted that the Sam's Club retail store was open for business at the time she was present.

13. Defendants are currently without sufficient information to admit or deny the allegations stated in paragraph 13 and, therefore, deny the same.

14. With regard to paragraph 14, Defendants admit that the plaintiff slipped and fell inside the Sam's Club retail store on or about the date at issue.

15. Defendants deny the allegations stated in paragraph 15.

16. Paragraph 16, and each of its subparts, state legal conclusions that need not be admitted or denied. To the extent that paragraph 16, and each of its subparts, state any factual allegations, all such allegations are denied:

    (a) Paragraph 16(a) states legal conclusions that need not be admitted or denied. To the extent that paragraph 16(a) states any factual allegations, all such allegations are denied.

(b) Paragraph 16(b) states legal conclusions that need not be admitted or denied. To the extent that paragraph 16(b) states any factual allegations, all such allegations are denied.

(c) Paragraph 16(c) states legal conclusions that need not be admitted or denied. To the extent that paragraph 16(c) states any factual allegations, all such allegations are denied.

17. Defendants deny the allegations stated in paragraph 17 and each of its subparts:

(a) Defendants deny the allegations stated in paragraph 17(a).

(b) Defendants deny the allegations stated in paragraph 17(b).

(c) Defendants deny the allegations stated in paragraph 17(c).

(d) Defendants deny the allegations stated in paragraph 17(d).

(e) Defendants deny the allegations stated in paragraph 17(e).

18. Defendants deny the allegations stated in paragraph 18.

19. All allegations in the plaintiff's Complaint not expressly admitted herein are denied.

## Affirmative and Separate Defenses

Defendants state the following as their affirmative and separate defenses:

1. Defendants deny that the plaintiff's incident occurred as described in her Complaint.

2. Defendants deny being guilty of any act of negligence which proximately caused the incident in question.

3. Defendants deny breaching any legal duty owed to the plaintiff.

4. Defendants affirmatively aver and will make the defense at trial that the plaintiff was contributorily negligent and/or assumed the risk of her injuries, thereby barring her recovery herein, should evidence supporting such defenses be developed during the course of discovery or at trial.

5. Defendants affirmatively aver and will make the defense at trial that the condition complained of was open and obvious to the plaintiff and, therefore, required no warning on its part, should such a defense be developed during the course of discovery or at trial.

6. Defendants affirmatively aver and will make the defense at trial that the condition complained of does not amount to an "unsafe condition" or "defect" under Virginia law, should evidence supporting such a defense be developed during the course of discovery or at trial.

7. Defendants affirmatively aver and will make the defense at trial that the plaintiff's injuries were caused by a third party or parties for whose actions they are not responsible at law, should evidence supporting such a defense be developed during the course of discovery or at trial.

8. Defendants reserve the right to rely upon any and all defenses available to them under the law, specifically including, but not limited to, failure to file suit within the applicable statute of limitations, accord and satisfaction, and/or failure to mitigate damages, should evidence supporting such defenses be developed during the course of discovery or at trial.

9. Defendants deny that the plaintiff was injured and damaged to the extent and with the consequences alleged in the Complaint and, therefore, call upon the plaintiff for strict proof of all such alleged damages.

10. Defendants demand a trial by jury.

SAM'S EAST, INC. d/b/a Sam's Club,
SAM'S REAL ESTATE BUSINESS TRUST,
WALMART INC d/b/a Sam's Club,
WAL-MART STORES EAST, LP,
WAL-MART STORES EAST, INC., and
WAL-MART ASSOCIATES, INC.

By: _____
Of Counsel

4

C. Kailani Memmer (VSB No. 34673)
Victor S. ("Dinny") Skaff, III (VSB No. 40054)
GLENN ROBINSON CATHEY MEMMER & SKAFF PLC
Fulton Motor Lofts
400 Salem Avenue, S.W., Suite 100
Roanoke, Virginia 24016
Telephone: (540) 767-2200
Facsimile: (540) 767-2220
kmemmer@glennrob.com
vskaff@glennrob.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on 12th day of April, 2019, a copy of the foregoing Answer was sent by first-class mail to the following:

John E. Lichtenstein, Esq. (VSB No. 27048)
Gregory L. Lyons, Esq. (VSB No. 24037)
Joanna M. Meyer, Esq. (VSB No. 86427)
LICHTENSTEIN LAW GROUP PLC
Liberty Trust Building, Suite 400
101 South Jefferson Street (24011)
P.O. Box 601
Roanoke, Virginia 24004-0601
Telephone: (540) 343-9711
Facsimile: (540) 343-9713
John.Lichtenstein@lichtensteinlawgroup.com
Greg.Lyons@lichtensteinlawgroup.com
Joanna.Meyer@lichtensteinlawgroup.com

*Counsel for Plaintiff*

By: ___/s/ Victor B. Skaff___
       Of Counsel