# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| ANGELA PATTERSON, | ) |
|     Plaintiff, | ) Civil Action No. 7:19-cv-329 |
| v. | ) |
| SAM'S EAST, INC d/b/a SAM'S CLUB, et al., | ) By: Hon. Michael F. Urbanski |
| | ) Chief United States District Judge |
|     Defendants. | ) |

## MEMORANDUM OPINION

This matter comes before the court on defendants Sam's East, Inc. d/b/a Sam's Club, Sam's Real Estate Business Trust, Walmart, Inc., Wal-Mart Stores East, LP, Wal-Mart Stores East, Inc., and Wal-Mart Associates, Inc.'s (collectively, "Sam's Club") motion to exclude expert testimony, ECF No. 37, and motion for summary judgment, ECF No. 39. Plaintiff Angela Patterson responded, ECF Nos. 49-50, and Sam's Club filed replies, ECF Nos. 52-53.[1] The court heard argument on the motions on March 25, 2020. After a review of the pleadings, arguments of the parties, relevant evidence, and applicable law, the court will grant Sam's Club's motion to exclude expert testimony and deny Sam's Club's motion for summary judgment.

**I.**

The relevant facts, construed in light most favorable to Patterson, are as follows:

---

[1] Patterson also filed a motion to strike Sam's Club's reply, ECF No. 54. Because the court denies Sam's Club's motion for summary judgment, the motion to strike is also denied as moot.

On May 10, 2018, Angela Patterson was shopping at Sam's Club in Roanoke, Virginia with her husband, Mark, and seventeen-year-old son, N.P. According to Patterson, upon her arrival at Sam's Club, she went to the restroom and then headed to the back of the store to meet up with her husband, who was already shopping. When she joined her husband, Patterson asserts that she did not notice nor was she concerned by anything on the ground in the back aisle of the Sam's Club. Patterson then slipped and fell on a sticky substance, severely injuring her right leg.

Patterson claims that a grape "or similar substance" was gathered by Sam's Club employees and "was kept for a period of time" in an office. P.'s Mem. Opp'n Def.'s Summ. J., ECF No. 49 at 4. After the fall, Patterson's husband saw three grapes (two of which were on the floor) near where Patterson fell and N.P. saw Aja Pleasant, a Sam's Club manager, pick up two to three grape pieces from the floor. Additionally, Tyler Moore, a Sam's Club employee, claims to have seen grapes in the same aisle up to six hours before the fall occurred. Mr. Moore also told a manager about the grapes, but he was directed to not pick them up.

On March 26, 2019, Patterson filed her complaint in the Circuit Court for the City of Roanoke. In her complaint, Patterson alleges that Sam's Club was negligent for failing to discover, warn customers of, and remedy a dangerous condition that led to her fall and substantial bodily injury. Patterson also identified William Marletta, Ph.D., as a safety expert in support of her case. Sam's Club filed an answer to the complaint on April 12, 2019, before petitioning for removal of the case to federal court on April 23, 2019, pursuant to 28 U.S.C. §§ 1441 and 1446. Sam's Club then filed the present motions, seeking summary judgment

pursuant to Federal Rule of Civil Procedure 56 and to exclude Dr. Marletta pursuant to Federal Rule of Evidence 702. The court will address each of these motions in turn.

## II.

Pursuant to Federal Rule of Civil Procedure 56(a), the court must "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Glynn v. EDO Corp., 710 F.3d 209, 213 (4th Cir. 2013). When making this determination, the court should consider "the pleadings, depositions, answers to interrogatories, and admissions on file, together with . . . [any] affidavits" filed by the parties. Celotex, 477 U.S. at 322. Whether a fact is material depends on the relevant substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. (citation omitted). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986).

In determining whether a genuine issue of material fact exists, the court views the facts and draws all reasonable inferences in the light most favorable to the non-moving party. Glynn, 710 F.3d at 213 (citing Bonds v. Leavitt, 629 F.3d 369, 380 (4th Cir. 2011)). Indeed, "[i]t is an 'axiom that in ruling on a motion for summary judgment, the evidence of the

3

nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor.'" McAirlaids, Inc. v. Kimberly-Clark Corp., 756 F.3d 307, 310 (4th Cir. 2014) (internal alteration omitted) (quoting Tolan v. Cotton, 572 U.S. 650, 651 (2014) (per curiam)). Moreover, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." Anderson, 477 U.S. at 255. The non-moving party must, however, "set forth specific facts that go beyond the 'mere existence of a scintilla of evidence.'" Glynn, 710 F.3d at 213 (quoting Anderson, 477 U.S. at 252). The nonmoving party must show that "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson, 477 U.S. at 249). "In other words, to grant summary judgment the [c]ourt must determine that no reasonable jury could find for the nonmoving party on the evidence before it." Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 124 (4th Cir. 1990) (citing Anderson, 477 U.S. at 248). Even when facts are not in dispute, the court cannot grant summary judgment unless there is "no genuine issue as to the inferences to be drawn from" those facts. World-Wide Rights Ltd. P'ship v. Combe, Inc., 955 F.2d 242, 244 (4th Cir. 1992).

Sam's Club argues that summary judgment is appropriate because Patterson cannot establish that Sam's Club was the proximate cause of her injury or that Sam's Club had actual or constructive notice of the substance that allegedly caused her fall. Patterson argues that there is sufficient evidence in the record to establish that a grape was the proximate cause of her injury. Patterson further argues that Sam's Club was on actual notice because Mr. Moore

4

noticed the grapes six hours before the fall and notified his supervisor.[2] Alternatively, Patterson argues that Sam's Club was on constructive notice because during the 50-minute video, numerous Sam's Club employees walk by the exact location where Patterson fell, and a reasonable jury could conclude that the Sam's Club employees, in the exercise of reasonable care, should have discovered the grape or grapes, and therefore, the employees were negligent in failing to clean them up. Finally, Patterson contends that Sam's Club's own affirmative conduct caused the grapes to be on the floor in the first place.

 i.  Proximate Cause

In order to make out a prima facie case of negligence against a premises liability owner or operator, the first element a plaintiff must prove is that a dangerous condition actually existed on the premises which proximately caused the accident or injuries. See Cerquera v. Supervalue, Inc., 715 F.Supp.3d 682, 687 (E.D. Va. 2010). Virginia follows the "but for" rule of proximate causation, which states that a defendant is not liable unless the harm would not have occurred but for the defendant's act or omission. See Zowaski v. Speedway LLC, 185 F.Supp.3d 881, 888-89 (W.D. Va. 2016). While this does not require a plaintiff to exclude every other possible conclusion, it does require that a plaintiff prove why and how the incident happened. Id. In a slip-and-fall case, under Virginia law, a plaintiff need not positively identify the substance that caused her fall, but merely "testify[ing] that she stepped on something which was very slippery," when paired with other direct and circumstantial evidence is sufficient to

---

[2] The court notes that in its reply brief, Sam's Club argues that Mr. Moore was absent from work on the date of the fall. Taking the evidence in the light most favorable to the nonmoving party, in this case Patterson, the court will assume that Mr. Moore's testimony is true and accurate. As such, any question as to whether Mr. Moore was present on the date of the fall is a fact question that is appropriate for the jury to determine at trial.

5

establish proximate cause. Fobbs v. Webb Bldg. Ltd. Ptp., 232 Va. 227, 349 S.E.2d 355 (1986); see also Robinson v. Kroger Co., No. 6:14-CV-00046, 2015 WL 5882819, at *5 (W.D. Va. Oct. 8, 2015) (rejecting defendant's argument that the plaintiff had failed to create a jury issue as to proximate causation "[b]ecause [she] did not see the liquid, and therefore cannot say with ultimate certainty that she slipped on it . . . .").

Sam's Club argues that Patterson is unable to prove that a grape (or multiple grapes) proximately caused her to slip and fall. According to Sam's Club, neither Patterson nor her husband actually saw her slip on a grape. Therefore, Sam's Club asserts, a reasonable jury could not determine "why the plaintiff's accident happened without relying upon conjecture, guess, or rank speculation." Def.'s Mem. Supp. Summ. J., ECF No. 41 at 9.

Patterson has alleged from the beginning that she slipped on what she thought was a grape, and the record shows that numerous witnesses saw remnants of a grape on the floor and on Patterson's pantleg after the slip and fall. In her response brief, Patterson points to seven instances in the record which refer to a grape causing her fall, including her husband's sworn testimony regarding seeing grapes after the fall, Mr. Moore's affidavit that he saw grapes at the scene up to six hours before the fall, and Ms. Pleasant's sworn testimony that she had possession of a grape after the fall. ECF No. 49 at 15-16. Further, Sam's Club's own interrogatory answer admits that a grape "or similar substance, was gathered by the defendants after the incident at issue occurred. The grape, or similar substance, was kept for a period of time in a Sam's office before being discarded when it started to deteriorate." ECF No. 49-5 at 5. Patterson argues that this establishes sufficient circumstantial evidence that a reasonable

6

jury could infer that she slipped on a dangerous condition on Sam's Club's floor. The court agrees.

The court finds that the undisputed presence of a grape or grapes at the scene of the incident is sufficient to create an issue of fact as to whether or not it caused Patterson's slip and fall. Accordingly, the court concludes that there is sufficient evidence in the record for a reasonable jury to find that Sam's Club, and specifically a grape, was the proximate cause of Patterson's injury.

ii. Notice

Under Virginia law, a store owner owes an invitee a duty of reasonable care and it must maintain its premises in a reasonably safe condition and warn customers of unsafe conditions that are known or should be known to the store owner. Winn–Dixie Stores, Inc. v. Parker, 240 Va. 180, 396 S.E.2d 649, 650 (1990). A customer can prove breach of the duty of reasonable care by proving the store owner had actual or constructive knowledge of the dangerous condition that caused the injury. Memco Stores, Inc. v. Yeatman, 232 Va. 50, 348 S.E.2d 228, 231 (1986). To impose liability on a constructive notice theory, the customer must prove that the dangerous condition "must have existed for such a length of time as to make it [the store owner's] duty in the exercise of reasonable care to have discovered it." Miracle Mart, Inc. v. Webb, 205 Va. 449, 137 S.E.2d 887, 890 (1964).

Sam's Club argues that Patterson failed to show that it or its employees had actual or constructive notice of the defective condition. Sam's Club contends that there is no evidence in the record that any Sam's Club employee actually knew a grape (or any other defective condition) was on the floor when Patterson fell. Next, Sam's Club asserts that Patterson

7

cannot show that the alleged defective condition was noticeable or how long it was present. Sam's Club argues that "[a]t no point during the video footage relating to this incident is there a grape visible on the floor. Nor does any customer, including the plaintiff and her husband, or [Sam's Club employee] appear to notice a grape or, for that matter, any substance on the floor." ECF No. 41 at 11.

Patterson argues that Sam's Club had actual notice because in Mr. Moore's affidavit, he states that he saw "some plastic/trash and some grapes on the floor" at the spot of the incident six hours before the incident occurred. See ECF No. 49-8 at 39. Patterson alternatively argues that Sam's Club had constructive notice of the dangerous condition because Mr. Moore informed a manager and he was told not to clean it. Patterson further points to numerous screenshots from the video showing employees walk by the dangerous condition at least five times. Finally, Patterson contends that Sam's Club's own affirmative conduct caused the grapes to be on the floor in the first place. In particular, Patterson highlights the fact that a Sam's Club employee slipped and fell on grapes on the same day of the incident. Id. According to that employee, the grapes most likely "got on the floor by an employee carrying a produce box that had grapes in it to the baler and some fell out along the way." ECF No. 49-10.

Viewing the evidence in the light most favorable to Patterson, a Sam's Club employee was aware of the dangerous condition as early as six hours before the incident occurred and made no attempt to warn customers or clean the floor. Further, multiple Sam's Club employees walked past the location of the incident multiple times and did nothing to address the dangerous condition. For these reasons, the court finds that a reasonable jury could find

8

that Sam's Club had actual, or at a minimum, constructive notice, of the dangerous condition that led to Patterson's injury. Accordingly, because the court finds that a reasonable jury could conclude that Sam's Club had notice of the dangerous condition and the condition was the proximate cause of Patterson's injury, the court will deny Sam's Club motion for summary judgment.

## III.

Federal Rule of Evidence 702 governs the admissibility of expert testimony.[3] Rule 702's prescriptions are guided by the Supreme Court's decisions in <u>Daubert v. Merrell Dow Pharms. Inc.</u>, 509 U.S. 579 (1993), and <u>Kumho Tire Co., Ltd. v. Carmichael</u>, 526 U.S. 137 (1999). In <u>Daubert</u>, the Court explained that the "trial judge must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." 509 U.S. at 589. Under Rule 702, "expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful" to the trier of fact. <u>Id</u>. at 591. In <u>Kumho Tire</u>, the Supreme Court made clear that these principles apply to all proposed expert witnesses. 526 U.S. at 141. "The question of whether a witness is qualified to testify is context-driven and can only be determined by the nature of the opinion he offers." <u>RG Steel Sparrows Point, LLC v. Kinder Morgan Bulk

---

[3] Rule 702 states:
    A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
        (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
        (b) the testimony is based on sufficient facts or data;
        (c) the testimony is the product of reliable principles and methods; and
        (d) the expert has reliably applied the principles and methods to the facts of the case.

9

Terminals, Inc., 609 F. App'x 731, 738 (4th Cir. 2015). "[C]ourts should be conscious of two guiding, and sometimes competing principles: Rule 702 was intended to liberalize the introduction of relevant expert evidence and expert witnesses have the potential to be both powerful and quite misleading." Hickerson v. Yamaha Motor Corporation, 882 F.3d 476, 481 (4th Cir. 2018). "[A] trial judge has a great deal of discretion in deciding whether to admit or exclude expert testimony." United States v. Dorsey, 45 F.3d 809, 814 (4th Cir. 1995).

Sam's Club seeks to exclude Patterson's safety expert, Dr. Marletta. Sam's Club argues that Dr. Marletta's testimony and report are merely his personal conclusions regarding what he sees in the video of the incident produced by Sam's Club in discovery. Sam's Club further argues that Dr. Marletta's deposition testimony establishes that his conclusions from watching the video form the sole basis for his expert opinions in this case. According to Sam's Club, such speculative testimony is not helpful to the jury because the sole issue in this case is if a grape caused Patterson to fall and, if so, when the grape appeared.

Meanwhile, Patterson argues that Dr. Marletta is an expert and certified safety professional and his testimony is based on his expert report, which establishes the safety procedures that large retailers follow. Patterson asserts that Dr. Marletta's testimony is about the applicable industry standards and safety norms for big box retail stores. Patterson claims Dr. Marletta's testimony is to what a typical employee should do, based on her training, and not what a Sam's Club employee in the video did or did not see.

The court concludes that Dr. Marletta's testimony is speculative and will not assist the trier of fact. See Fed. R. Evid. 702(a); see also Page v. Supervalu, Inc., Case No. 15-1508, 2015 WL 1439572, at *16 (D. Md. Mar. 26, 2015) (excluding safety expert because "[i]t is common

10

knowledge that a grape on the floor creates a dangerously slippery condition."). Because Dr. Marletta's testimony relies on the existence of a grape and a grape is not visible from the video footage, his testimony is purely speculative. Dr. Marletta's testimony merely recites what he sees on the video. Determining whether a grape caused Patterson's injury, and whether a grape was even present at the scene, are questions that are left for the jury to decide. Accordingly, because Dr. Marletta's testimony would invade the province of the jury, the court will grant Sam's Club's motion to exclude Dr. Marletta's testimony pursuant to Federal Rule of Evidence 702(a).

## IV.

For the reasons stated above, the court **GRANTS** Sam's Club's motion to exclude expert testimony and **DENIES** Sam's Club's motion for summary judgment.

An appropriate Order will be entered.

Entered: April 3, 2020

Michael F. Urbanski

Digitally signed by Michael F. Urbanski
DN: cn=Michael F. Urbanski, o=Western District of Virginia, ou=United States District Court, email=mikeu@vawd.uscourts.gov, c=US
Date: 2020.04.03 11:50:17 -04'00'

Michael F. Urbanski
Chief United States District Judge